## IN RE APPLICATION FOR DISCIPLINE OF EDWARD J. DRURY.

194 N. W. 2d 275.

November 8, 1971—No. 42921.

*Herbert C. Davis,* for R. B. Reavill, State Administrative Director on Professional Conduct.

*Patrick J. Foley,* for respondent.

The above entitled matter was duly submitted to the Court on the 8th day of November, 1971, upon the Motion of the Petitioner, R. B. Reavill, State Administrative Director on Professional Conduct, for an Order disbarring Respondent as an Attorney licensed to practice law in the State of Minnesota. The Court, having reviewed the file, including the allegations of the Petition and Accusation, the indictments, the transcript of proceedings before the District Court for the County of Wabasha, the Affidavit of Default, and the Motion filed herein, makes the following Findings of Fact, Conclusions of Law, and Order.

### FINDINGS OF FACT

1) That the Petition, Accusation and Order, duly filed with the Clerk of the Supreme Court on the 10th day of December, 1970, were personally served upon Edward J. Drury, Respondent herein, on January 19, 1971.

2) That on July 13, 1971, the Court entered its Order vacating a stay of proceedings previously granted to the Respondent and requiring him to answer the Petition and Accusation referred to in Paragraph 1) hereof within twenty (20) days of service of that Order. This Order was duly filed with the Clerk of the Supreme Court on July 13, 1971, and served personally on the Respondent, Edward J. Drury, and W. McRae, Superintendent of the Minnesota Reformatory, by the Sheriff of Sherburne County on the 14th day of July, 1971, and on Patrick J. Foley, attorney for Edward J. Drury, by mail on the 13th day of July, 1971.

3) That no Answer or other appearance has been made as required by the Order of this Court dated July 13, 1971, and Respondent is in default.

4) That all of the allegations contained in the Petition and Accusation filed herein are accepted as proved by the Court by reason of such default and justify the conclusion that Respondent is guilty of unethical conduct requiring discipline by this Court.

### CONCLUSIONS OF LAW

For its Conclusions of Law, the Court has determined that the unethical conduct of the Respondent justifies and requires entry of an Order disbarring him as an Attorney at Law of the State of Minnesota and striking his name from the roll of attorneys licensed to practice in the Courts of this state.

### ORDER

IT IS ORDERED that Edward J. Drury be and is hereby disbarred as an Attorney at Law of the State of Minnesota and that his name be stricken from the roll of attorneys licensed to practice before the Courts of this state.

DATED: This 8th day of November, 1971.

> BY THE COURT:
>
> OSCAR R. KNUTSON
> Chief Justice of the Supreme Court